**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| STUDENT DOE #1, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, *in her official capacity as Secretary of the U.S. Department of Homeland Security*,<br><br>Defendant. | ) | Case No. 4:25-cv-00282-SRB |

**ORDER GRANTING TEMPORARY RESTRAINING ORDER**

Before the Court is Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. #3.) The Court held a hearing on Plaintiffs' request for a temporary restraining order on April 24, 2025, (Doc. #5), and both Plaintiffs' counsel and Defendants' counsel attended, (Doc. #8). For the reasons stated below, Plaintiffs' request for a temporary restraining order is GRANTED.

## I. Background

The Court has granted Plaintiffs leave to proceed under pseudonyms, subject to later objection and reconsideration. (Doc. #6.) Plaintiffs are international students who are in Missouri studying or working as part of their education.[1] Plaintiffs are in the United States on F-1 student visas.

[1] Plaintiff Student Doe #1 is from Nigeria and is attending Truman State University.

Plaintiff Student Doe #2 is from Spain and is attending Northwest Missouri State University.

Plaintiff Student Doe #3 is from Nepal and is attending Southeast Missouri State University.

Plaintiff Student Doe #4 is from Bangladesh, previously attended Virgina Tech University, and as part of his education is currently employed in Kansas City, Missouri

Plaintiff Student Doe #5 is from Nigeria, is attending Missouri University of Science and Technology, and as part of her education is currently employed in Columbia, Missouri.

Defendants are: (1) Kristi Noem, the Secretary of the Department of Homeland Security ("DHS"); (2) the DHS, a cabinet-level department of the federal government's executive branch with various component agencies, including U.S. Immigration Customs and Enforcement ("ICE"); and (3) ICE. ICE is responsible for administering the student visa program and tracking information on students in F-1 status through the Student and Exchange Visitor Program. Under 8 U.S.C. § 1372, such students are tracked in an electronic record system known as the Student Exchange Visitor Information System ("SEVIS").

Plaintiffs allege that Defendants have recently terminated their student visa registrations in SEVIS. Plaintiffs allege this termination has caused them to lose their student status and associated benefits and privileges, such as employment authorization and ability to leave and return to the United States. Plaintiffs also allege it subjects them to proceedings for removal from the United States, as they contend that ICE has taken the position that termination of a student's SEVIS account requires that the student immediately depart the United States. Plaintiffs allege Defendants terminated their SEVIS registration unlawfully and without notice or an individualized hearing.

Plaintiffs filed this case on April 20, 2025, and assert the following claims:

- Count One, a violation of constitutional due process, based on the unlawful termination of their F-1 student status;
- Count Two, a violation of the federal Administrative Procedure Act ("APA"), based on the unauthorized termination of their SEVIS registration;
- Count Three, a violation of the APA, based on a lack of procedural due process; and
- Count Four, a violation of the APA, based on an arbitrary and capricious termination of their SEVIS registration.

(Doc. #1.) Plaintiffs seek both injunctive and declaratory relief.

Now pending is Plaintiffs' request for a TRO against Defendants to (1) restore their F-1 status, (2) enjoin termination of that status absent lawful grounds and a hearing, and (3) enjoin their arrest, detention and removal from the United States. (Doc. #3.)

## II. Legal Standards

In considering a motion for a TRO, a court considers four factors: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981); *see also Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022) ("The standard for analyzing a motion for a temporary restraining order is the same as a motion for preliminary injunction.") (cleaned up). No one factor is determinative, and the court should "weigh the case's particular circumstances to determine whether the balance of equities so favors the movant that justice requires the court to intervene." *Hubbard Feeds, Inc. v. Animal Feed Supplement, Inc.*, 182 F.3d 598, 601 (8th Cir. 1999) (cleaned up). The moving party bears the burden to establish that these factors weigh in favor of granting temporary relief. *See, e.g.*, *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

## III. Discussion

The Court has reviewed the case filings, (Docs. #1, 3), and held a hearing, (Doc. #8). The Court concludes the *Dataphase* factors weigh in favor of granting a temporary restraining order.

As to the first factor (threat of irreparable harm), the Court finds that Plaintiffs plainly face irreparable harm. Plaintiffs are in the middle of their studies or work programs, into which they have already invested significant time and money. Without an active SEVIS registration, they are at imminent risk of being forced to drop their studies or work programs courses. More broadly, Plaintiffs face the loss of the many years and thousands of dollars they have invested in pursuing

their education. Because both the United States and public universities may enjoy sovereign immunity, Plaintiffs may be unable to recover their financial losses.

In addition, Plaintiffs' presence in the United States with uncertain legal status threatens imminent harm in at least two ways. First, it may subject them to immediate detention and removal. Second, it makes their presence in the United States unlawful, which is likely to impede or prevent them from becoming a permanent resident in the future.

As to the second factor, the only apparent basis for Defendants' actions is each Plaintiff has had some legal infractions of varying degree, consequence, and outcome. Enabling Plaintiffs to remain in status and continue their studies and work programs while the Court sorts through the legal issues is a reasonable balance of the parties' competing interests.

As to the third factor, the Court finds on the current record that Plaintiffs are likely to succeed on the merits. Government agencies are generally required to follow their own regulations. *See, e.g.*, *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265 (1954); *Fed. Defs. of N.Y., Inc. v. Fed. Bureau of Prisons*, 954 F.3d 118, 130 (2d Cir. 2020). Plaintiffs allege that, when Defendants terminated their SEVIS status, they violated their own regulations and thereby violated the APA. *See* 8 C.F.R. § 214.1(d) (providing that termination of a non-citizen's nonimmigrant status may be accomplished by (1) revoking a waiver authorized on the non-citizen's behalf, (2) the introduction of a private bill to confer permanent-resident status on the non-citizen, or (3) a notification in the Federal Register on the basis of national security, diplomatic, or public-safety reasons). The record does not indicate that Defendants terminated each Plaintiff's status based on any of those three reasons.

Finally, as to the fourth factor, the Court finds that there is a substantial public interest in ensuring that government agencies comply with federal law.

For these reasons, the Court grants Plaintiffs' request for temporary relief and, in its discretion, the Court waives the bond requirement under Fed. R. Civ. P. 65(c).

## IV. Conclusion

Based on the foregoing, Plaintiffs' request for a temporary restraining order, (Doc. #3) is GRANTED. The Court enters a temporary restraining order as follows:

1. Defendants are ORDERED to temporarily set aside their determination to classify each Plaintiff's F-1 student status as terminated.

2. Defendants are ORDERED to reinstate each Plaintiff's student status in SEVIS, retroactive to the following dates:

   a. Student Doe #1 – retroactive to April 9, 2025;

   b. Student Doe #2 – retroactive to April 4, 2025;

   c. Student Doe #3 - retroactive to April 9, 2025;

   d. Student Doe #4 - retroactive to April 10, 2025; and

   e. Student Doe #5 - retroactive to April 9, 2025.

3. Defendants are temporarily ENJOINED from taking any further action to terminate each Plaintiff's student status.

4. Defendants are ENJOINED from directly or indirectly enforcing, implementing, or otherwise taking any action or imposing any legal consequences as the result of the decision to terminate each Plaintiff's SEVIS records, including revoking the Plaintiff's visa, detaining the Plaintiff, or deporting the Plaintiff.

Pursuant to Federal Rules of Civil Procedure Rule 65(c), Plaintiffs are not required to post a bond for this temporary restraining order.

As discussed during the hearing, Plaintiffs' counsel is DIRECTED to file under seal the identity of each Plaintiff. The Court's Order to allow the Plaintiffs to proceed under pseudonyms, (Doc. #6), otherwise continues in effect, and the parties shall not publicly identify each Plaintiff.

Pursuant to Fed. R. Civ. P. 65(b)(2), this order will expire 14 days from the date of entry unless the Court extends it for good cause shown or Defendants consent to an extension.

Given this ruling, Plaintiffs' request for a preliminary injunction is DENIED WITHOUT PREJUDICE to refiling and consideration. The Court will hold a hearing on May 7, 2025, at 8:30 a.m., in Kansas City, in Courtroom 7B, to consider whether to convert this temporary restraining order into a preliminary injunction.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: April 24, 2025, at 2:45 p.m.